**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LELAND BUTLER, )<br><br>Plaintiff, )<br><br>v. )<br><br>SHIRE HUMAN GENETIC THERAPIES, )<br>INC. AND SHIRE PHARMACEUTICALS )<br>LLC, )<br><br>Defendants. )<br><br>)<br><br>) | CIVIL ACTION NO. 1:16-cv-11692-MLW |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT IN ITS ENTIRETY**

The Defendants file this memorandum in support of their Rule 12(b)(6) motion to dismiss

all four counts in the Amended Complaint with prejudice for failure to state a claim (the

"Motion").

**INTRODUCTION**

Plaintiff Leland Butler ("Butler" or the "Plaintiff") is a former employee of Shire Human

Genetic Therapies, Inc. ("Shire") whose employment terminated January 23, 2015.  On July 12,

2016, he commenced this action in Massachusetts Superior Court.  He did not serve the original

complaint in this action, and he filed an Amended Complaint on August 3, 2016.  Defendant

Shire was served with the Amended Complaint on or about August 9, 2016.  Defendant Shire

Pharmaceuticals LLC has not been served and was not Plaintiff's employer, but joins in this

Motion to Dismiss.  On August 19, 2016, Shire removed the action to the District Court for the District of Massachusetts on the basis of diversity.

The Plaintiff's Amended Complaint contains four counts:  breach of the covenant of good faith [sic] (Count I), wrongful termination (Count II), negligent infliction of emotional distress (Count III), and intentional infliction of emotional distress (Count IV).  Defendants now seek to dismiss all counts.  As stated more fully below, the Plaintiff's breach of the covenant of good faith [sic] and wrongful termination claims fail because the Plaintiff has failed to allege facts sufficient to support those claims.  Plaintiff's claims for intentional and negligent infliction of emotional distress fail because they are barred by the exclusivity provision of the Massachusetts Workers' Compensation Act.

## FACTUAL BACKGROUND

The relevant factual allegations of the Amended Complaint, which are accepted as true for the purposes of this Motion only, are as follows.  Plaintiff began working for Shire as a Regional Business Manager in the Rare Disease Business Unit on June 30, 2014.  Amended Complaint, ¶¶ 4-5.

As part of his job duties in the Rare Disease Business Unit, Plaintiff was assigned to moderate and facilitate an annual meeting on October 18, 2014, at which a doctor would speak to patients with Hunter Disease and their families.  *Id.*, ¶ 19.  The patients were all receiving Elaprase, a Shire drug approved for the treatment of Hunter Disease.  *Id.*  Approximately one month before the meeting, Plaintiff contacted Kevin Bille ("Bille"), a trainer at Shire, to ask for guidance regarding the upcoming presentation.  *Id.*, ¶ 27.  Bille provided Plaintiff with a PowerPoint presentation to use at the training, but Bille did not tell Plaintiff that it was mandatory for him to show the slides.  *Id.*  Prior to the meeting, Plaintiff was also provided with

a pre-printed meeting form to complete after the meeting, on which there was a box to check to indicate that the slides had been shown. *Id.*, ¶ 28.

On October 18, 2014, only two families showed up to the presentation. *Id.*, ¶ 19. The families said they did not want to see the slides, and the doctor did not want to show the slides. *Id.* The slides were not shown during the meeting, and Plaintiff turned in the pre-printed meeting form, informing Shire that the slides had not been shown. *Id.*, ¶¶ 20-21.

As a result of receiving the form and learning that the slides had not been shown, Shire opened a compliance investigation into the meeting. *Id.*, ¶ 22. On January 12, 2015, Lisa Shrayer ("Shrayer"), an attorney from Shire Global Compliance, contacted Plaintiff to ask about the October 18 meeting. *Id.* Plaintiff was thereafter invited by his supervisor to participate in a follow-up discussion on the compliance investigation. *Id.*, ¶ 24. During that discussion, which occurred on January 23, 2015, Shire informed Plaintiff that the company was terminating his employment for a compliance violation. *Id.* In particular, Shire informed Plaintiff that it was mandatory to show the provided slides at the October 18 Hunter Disease meeting, and that Plaintiff committed a compliance violation by not doing so. *Id.*, ¶ 25. Plaintiff objected to his termination on the basis that he did not know it was mandatory to show the slides, but Shire proceeded with the termination. *Id.*, ¶ 26.

## ARGUMENT

I.   **Plaintiff Has Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing.**

Plaintiff has failed to state a claim for breach of the covenant of good faith and fair dealing.[1] Although Massachusetts courts read an implied covenant of good faith and fair dealing into the at-will employment relationship, this covenant is "narrowly construed," and

---

[1] Count I of the Amended Complaint is entitled "Breach of the Covenant of Good Faith," but Defendants assume it intends to assert a claim for breach of the covenant of good faith and fair dealing.

"Massachusetts courts have only imposed liability under the good faith and fair dealing exception where employers would unjustly benefit financially by depriving the employees of future compensation **earned for past services**, as distinguished from future income due to future services." Dickens-Berry v. Greenery Rehab. & Skilled Nursing Ctr., 92-3189, 1993 Mass. Super. LEXIS 57, at *7 (Oct. 29, 1993) (emphasis added), citing McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 234 (1984).  In order to sustain a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege that his employer has failed "to compensate an employee for **past services**" and that the court should award damages to the employee "to deny the employer any readily definable, financial windfall resulting from the breach." Grant v. Target Corp., 126 F. Supp. 3d 183, 190 (D. Mass. 2015), quoting Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385, 822 N.E.2d 667 (2005) (emphasis added).

Plaintiff makes no such allegations.  In fact, his sole allegation in this count of the Amended Complaint is that Shire made him a "sacrificial lamb in an attempt to demonstrate how strict Shire was re compliance."  Amended Complaint, ¶ 37.  Moreover, the only damages he alleges are for wages from the date of termination forward, and emotional distress.  As a matter of law, these damages are insufficient to sustain a claim of breach of the covenant of good faith and fair dealing.  See, e.g., Grant, 126 F. Supp. at 190 ("[t]he only specific damages Plaintiff alludes to are (1) loss of future income, (2) reputational injury, and (3) emotional distress … all of which the SJC has held are not recoverable").  Plaintiff alleges neither that Shire failed to compensate him for work already performed nor that Shire terminated him in order to avoid compensating him for work already performed.  Likewise, he fails to allege that Shire gained a financial windfall from his termination.  Nor could he truthfully make any of these allegations, as there are no facts to support them.  Therefore, Plaintiff has failed to allege any of the elements of

a claim for breach of the implied covenant of good faith and fair dealing, and Count I must be dismissed.

II.   <u>Plaintiff Has Failed to State a Claim for Wrongful Termination.</u>

Plaintiff was employed by Shire as an at-will employee, and has not alleged otherwise in his complaint.  Instead, Plaintiff claims that he was wrongfully terminated, in violation of Massachusetts law.  Plaintiff, however, does not allege sufficient facts to support this claim.

"Massachusetts courts recognize an exception to the general at-will employment rule when employment is terminated contrary to a well-defined public policy."  <u>Hinchey v. NYNEX Corp.</u>, 144 F.3d 134, 145 (1st Cir. 1998), <u>quoting</u> <u>Wright v. Shriners Hosp. for Crippled Children</u>, 412 Mass. 469, 589 N.E.2d 1241, 1244 (Mass. 1992) (internal quotation marks omitted).  Examples include employees who are terminated "for asserting a legally guaranteed right (e.g., filing workers' compensation claim), for doing what the law requires (e.g., serving on a jury), or for refusing to do that which the law forbids (e.g., committing perjury)."  <u>Hinchey</u>, 144 F. 3d at 145; <u>Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch.</u>, 404 Mass. 145 (Mass. 1989).  Employees may also have claims for wrongful termination for "whistleblowing," if they raise internal or external complaints about unlawful activity.  <u>Hinchey</u>, 144 F. 3d at 145.

Plaintiff, however, does not allege that he engaged in any such activity that would give rise to a claim for wrongful termination.  Instead, he was the *subject* of a compliance investigation and is displeased with the outcome of the investigation.  He argues that even though Shire found that he committed a compliance violation, he should not have been terminated.  An employee who is terminated for trying to raise compliance issues may have a claim for wrongful termination, but Plaintiff's claim is the opposite: that Shire took compliance

5

too seriously.  In particular, the only support Plaintiff offers in his Amended Complaint for his wrongful termination claim is that he was "brand[ed]… a serious compliance risk" "after a trumped up investigation – or a greatly flawed investigation at best."

These allegations plainly fail to support a claim for wrongful termination in violation of public policy.  Whether Plaintiff agrees with the outcome of Shire's investigation or not, or with its decision following the investigation, the facts remain that, as Plaintiff acknowledged, he failed to show the provided slides at a meeting for Hunter Disease patients about a Shire drug, and Shire's internal investigation determined that this action violated its compliance requirements.  Therefore, it terminated Plaintiff's employment.  Plaintiff does not claim that the slides were in any way non-compliant or that he somehow engaged in legally protected or required activity by not showing them.  Nor could he, as there are no facts to support those allegations.  He argues only that he did not know the slides were required, so he does not think it is fair that he was terminated.  See, e.g., Cochran v. Quest Software, Inc., 328 F.3d 1, 8 (1st Cir. 2003), citing Gram v. Liberty Mutual Ins. Co., 391 Mass. 333, 335 (1984)  ("Absence of good cause in terminating an at-will employee, without more, is insufficient to trigger liability for wrongful discharge").  Because these allegations in no way fulfill the elements of a wrongful termination claim, Plaintiff's Count II must be dismissed.

III.   Plaintiff's Claims for Negligent and Intentional Infliction of Emotional Distress Are Barred by Workers' Compensation Exclusivity.

In Counts III and IV, the Plaintiff attempts to state claims for negligent and intentional infliction of emotional distress.  These claims fail because they are barred by the exclusivity provision of the Massachusetts Workers' Compensation Act (the "Act").  See Hinchey v. NYNEX Corp., 144 F.3d 134, 146 n.7 (1st Cir. 1998) (neither negligent nor intentional infliction

7708587v3

of emotional distress claims in the employment context need to be analyzed by the court because they are barred by the Act).

The Massachusetts Workers' Compensation Act provides that "an employee shall be held to have waived his rights of action in common law, or under the law of any other jurisdiction in respect to an injury that is compensable" under the Act.  G.L. c. 152, § 24.  This so-called "exclusivity provision" bars an employee from suing his or her employer for any injury covered by the Act.

The Act further provides that a mental or emotional injury may be compensable under the Act:

> where the predominant contributing cause of such disability is an event or series of events occurring <u>within any employment</u>. . . . No mental or emotional disability arising principally out of a *bona fide,* personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter.

M.G.L. c. 152, § 1(7A) (emphasis added).

It is well-settled that the Act bars tort claims for negligent and intentional infliction of emotional distress.  Both the Supreme Judicial Court and the Appeals Court have clearly and emphatically so held.  <u>See</u>; <u>Saab v. Massachusetts CVS Pharmacy, LLC</u>, 452 Mass. 564, 569-70 (2008); <u>Boutin v. Home Depot U.S.A., Inc.</u>, 490 F. Supp. 2d 98, 106 (D. Mass. 2007) (intentional infliction of emotional distress claim in employment context is barred by the Worker's Compensation statute); <u>Green v. Wyman-Gordon Co.</u>, 422 Mass. 551, 558-62 (1996); <u>Doe v. Purity Supreme, Inc.</u>, 422 Mass. 563, 566 (1996); <u>Catalano v. First Essex Sav. Bank</u>, 37 Mass. App. Ct. 377, 380, <u>review denied</u>, 419 Mass. 1101 (1994); <u>Mullen v. Ludlow Hospital Society</u>, 32 Mass. App. Ct. 968, 970-71 (1992), <u>review denied</u>, 413 Mass. 1103 (1992); <u>DeBarboza v. Cablevision of Boston, Inc.</u>, 9 Mass. L. Rptr. 539, 540 (1999) (plaintiff concedes

7

that claim for negligent infliction of emotional distress is not actionable in light of <u>Green</u>);
<u>Harriman v. Riemer & Braunstein</u>, 7 Mass. L. Rptr. 612, 614 (1998) (same).

The allegations of the Amended Complaint undisputedly describe conduct which occurred in the context of an employment relationship.  Plaintiff's claim in Count III for negligent infliction of emotional distress is based on Shire's investigation and termination of Plaintiff, which are clearly related to his employment there.  <u>See, e.g.</u>,  <u>Rando v. CVS Pharmacy, Inc.</u>, No. 13-11130-FDS, 2013 U.S. Dist. LEXIS 172695, at *8 (D. Mass. Dec. 9, 2013) (finding that an employer was acting in the course of employment when it conducted an internal investigation; therefore, the plaintiff's tort claim for emotional distress was barred by the Act); <u>Fusaro v. Blakely</u>, 40 Mass. App. Ct. 120, 122 661 (1996) (same); <u>Luthy v. Proulx</u>, 464 F. Supp. 2d 69, 77 (D. Mass. 2006) (plaintiff's tort claim for emotional distress allegedly suffered after termination was barred by the Act because the distress arose from "the circumstances surrounding her termination, namely the City's alleged failure to conduct a proper investigation").

Moreover, Plaintiff's claim in Count IV is based on Shire's termination of Plaintiff after Shire's alleged failure to train or inform Plaintiff that showing the slides at the October meeting was mandatory.  Likewise, these allegations occur completely in the context of Plaintiff's employment relationship with Shire.  Thus, Plaintiff's exclusive remedy for his alleged injuries, if any, is provided by the Workers' Compensation Act.  <u>See</u> <u>Hinchey v. NYNEX Corp.</u>, 144 F.3d 134, 146 n.7 (1st Cir. 1998).  Counts III and IV should, therefore, be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss all

Counts of Plaintiff's Amended Complaint as to both Defendants.

Respectfully submitted,


SHIRE GENETIC THERAPIES, INC. and SHIRE
PHARMACEUTICALS LLC

By their attorneys,


 /s/ Lyndsey M. Kruzer
Alison C. Reif, BBO No. 637576
areif@choate.com
Lyndsey M. Kruzer, BBO No. 675797
lkruzer@choate.com
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
Telephone:  (617) 248-4790


Dated:    August 26, 2016

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2016, a true and correct copy of the above document was served by mail and e-mail on:

> Graeme S.R. Brown
> (BBO # 649940)
> The Brown Law Firm, LLC
> 464 Common Street
> Suite 354
> Belmont, MA 02478
> 617-489-0817
> gbrown@brownlegalservices.com
>
> Counsel for Plaintiff
>
> */s/ Lyndsey M. Kruzer*

10

7708587v3